UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Cause No. 2:13 CV 212<br>) |
| HOWARD C. KINGKADE, JOHN B. KINGKADE, WINSTON KINGKADE, J.B.K. (a minor), AND T.R.K. (a minor) | )<br>)<br>)<br>) |
| Defendants. | )<br>) |
| HOWARD C. KINGKADE, | )<br>) |
| Cross-Claimant, | )<br>) |
| v. | )<br>) |
| JOHN B. KINGKADE, WINSTON KINGKADE, J.B.K. (a minor), and T.R.K. (a minor), | )<br>)<br>)<br>) |
| Cross-Defendants. | ) |

## OPINION AND ORDER

Before the Court is plaintiff Minnesota Life Insurance Company's ("Minnesota Life") Motion to Deposit Funds and for Dismissal with Prejudice. [DE 14]. As part of its request, Minnesota Life seeks court authorization to reduce the amount deposited by $2391.42 which constitutes its attorneys fees and costs incurred through August 2013 in this action. Defendant/Cross-Claimant, Howard C. Kingkade filed his response [DE 18] wherein he states he has no objection to the deposit of the funds or the dismissal of Minnesota Life from the case. He

1

does, however, object to an award of attorney fees and costs. The remaning defendants/cross-defendants did not file a response to the Motion. For the following reasons, Minnesota Life's Motion to Deposit Funds and for Dismissal with prejudice will remain UNDER ADVISEMENT. An award of attorney fees and costs will be awarded, if, after further filings from the parties which are detailed below, the court deems the fees and costs sought reasonable and nominal to the total amount to be deposited.

## BACKGROUND

Minnesota Life initiated this interpleader action due to conflicting rights to life insurance benefits for coverage provided to Howard J. Kingkade (the "Insured") as a benefit of his employment with Unilever United States, Inc. ("Unilever") under Group Term Life Insurance Policy, Plan Sponsor No. 33868-G ("Group Policy") issued by Minnesota Life to Unilever. The Group Policy is part of an employee welfare benefit plan established and maintained by Unilever pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").

At the time of his death, the Insured maintained life insurance coverage under the Group Policy in the total amount of $40,000 (the "Plan Benefits"). (Complaint ¶ 13). Upon the Insured's death on December 3, 2012, the Plan Benefits became payable to the proper beneficiary or beneficiaries. Competing rights to the Plan Benefits exist among the Insured's son, Howard C. Kingkade ("Howard"); the Insured's grandsons, John B. Kingkade ("John") and Winston Kingkade ("Winston"); and the Insured's minor great-grandsons, J.B.K. and T.R.K.

Because of the competing rights and exposure to multiple liabilities, Minnesota Life filed this lawsuit and now requests leave to deposit the funds with the Court and dismiss it with prejudice

from the suit, thereby leaving the Defendants to interplead with each other to determine the appropriate disbursement of the Plan Benefits. Minnesota Life further requests an award of its costs and reasonable attorneys' fees, to be awarded and deducted from the Plan Benefits prior to deposit.

## DISCUSSION

All the parties concede that there is a dispute as to whom the death benefits are payable to and the amounts to be paid. [1] Minnesota Life is unable to determine who is entitled to the Plan Benefits without court intervention and thus, is simply a stakeholder in this action by virtue of its contractual obligation to pay the funds. As counsel for Minnesota Life notes, it has no legal proprietary interest in the outcome of the dispute that exists among the parties to this litigation regarding the Plan Benefits. Thus, to avoid the possibility of double liability due to the competing claims, Minnesota Life, through the mechanism of interpleader, seeks to deposit the Plan Benefits with the Court and have the Court determine which defendant is entitled to disbursement of the Plan Benefits.

---

[1] The Group Policy provides that the death benefit will be paid "to the beneficiary or beneficiaries," and that the insured may name one or more beneficiaries. The Group Policy states, "If there is more than one beneficiary, each will receive an equal share, unless the insured has requested another method in writing." The Group Policy provides that if there is no eligible beneficiary, or if the insured does not name a beneficiary, the death benefit will be paid to the insured's lawful spouse, if living, or otherwise to the insured's natural or legally adopted child or children in equal shares, if living. (Complaint ¶ 16). In addition to his coverage under the Group Policy, the Insured also maintained coverage under a life insurance policy issued by Metropolitan Life Insurance Company ("MetLife Policy"), as part of Unilever's employee welfare benefit plan, in the amount of $8,000. (Complaint ¶¶ 11, 13).

On August 4, 2008, the Insured completed a Life Insurance Beneficiary Designation Form ("Beneficiary Form"), designating beneficiaries "to receive any benefits payable upon my death." In the Primary Beneficiary section of the Beneficiary Form, the Insured designated his son Howard to receive $4,000, and his great-grandsons J.B.K. and T.R.K to receive $1,000 each. In the Secondary Beneficiary section of the Beneficiary Form, the Insured designated his grandsons John and Winston to receive $1,000 each. (Complaint ¶ 12).

On December 3, 2012, Minnesota Life received an E-Claim submission from Unilever. The E-Claim stated that the Beneficiary Form was the only beneficiary form completed by the Insured for his life insurance coverage. The E-Claim further stated that the Insured's son Howard claimed to be the sole beneficiary of the Plan Benefits. (Complaint, ¶ 14). Howard sent Minnesota Life a letter dated February 14, 2013, in which he contends that the Beneficiary Form applies only to the Insured's coverage under the MetLife Policy and not to his coverage under the Group Policy. (Complaint, ¶ 15).

Generally, interpleader actions allow the stakeholder to deposit the disputed funds with the court, "withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court." *Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994). See also *Indianapolis Colts v. Mayor & City Council of Baltimore*, 733 F.2d 484, 486 (7th Cir. 1984). Here, none of the defendants object to the deposit of the funds and the dismissal of Minnesota Life from the case. As a result, since no viable purpose is served by Minnesota Life remaining in the lawsuit ,Minnesota Life's Motion to deposit funds and be dismissed from the case will eventually be granted, but, for the reasons set forth below, the Motion shall remain UNDER ADVISEMENT pending further filings.

The disputed issue that remains is whether Minnesota Life is entitled to recover its fees and costs in filing the present action, which approximate $2,391.42 through August, 2013. The defendants object to Minnesota Life's contention that it is entitled to have its attorney fees and administrative costs subtracted from the deposited funds.

As a general principal, "a court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholders efforts are not part of its normal course of business." *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008). See also *Sternitzke v. Pruco Life Ins. Co.*, 64 Fed.Appx. 582, 585 (7th Cir. 2003) ("A court may award reasonable fees in an interpleader action."). Courts have "broad discretion" to award attorneys' fees in interpleader actions. *Lutheran Brotherhood v. Comyne*, 216 F.Supp.2d 859, 863 (E.D. Wis. 2002) (citing *United Bank of Denver v. Oxford Properties, Inc.*, 683 F.Supp. 755, 756 (D. Colo. 1988)). Courts have expressed three rationales which affect its discretion for such an award:

> First, when the conflicting claims are not the fault of the stakeholder, it should not have to pay fees to guard itself against multiple lawsuits. Second, by promptly initiating an interpleader action, the stakeholder assists judicial economy by bringing all claimants into one forum to resolve their claims and allowing the prevailing claimants to obtain the funds without having to execute on a judgment. Finally, the award of attorneys' fees is usually nominal and of little consequence to the fund. *Id.*

*In re Kirk Corp.* 2010 WL 2293471, 2 -3 (Bkrtcy.N.D.Ill.,2010).

The defendant argues that fees should be denied based on the district court's holding in *Minnesota Mut. Life Ins. Co. v. Gustafson*, 415 F.Supp. 615 (C.D. Ill. 1976). (Resp. at 8-10). The *Gustafson* court recognized that "normally, courts will award such fees to a disinterested stakeholder who deposits the disputed fund with the court," and "most courts and commentators advocate the awarding of fees to disinterested stakeholders, almost as a matter of course…." *Id.* at 617-618. The court acknowledged that it was adopting a minority position in exercising its discretion not to award fees in that case.

However, in contrast to the decision in *Gustafson*, courts routinely award fees to interpleader plaintiffs. See *Aaron*, 550 F.3d at 667 ("[C]ourts often award attorneys' fees from the interpleader stake."). See also, e.g., *Sternitzke*, 64 Fed.Appx. at 585 (upholding award of $8,906 in attorneys' fees); *Sun Life Assur.Co. of Canada v. Sampson*, 556 F.3d 6, 7-8 (1st Cir. 2009) (upholding award of $15,904 in attorneys' fees on a $48,000 benefit deposit); *Lutheran Brotherhood*, 216 F.Supp.2d at 864 (awarding attorneys' fees of $5,000); *Hartford Life & Acc. Ins. Co. v. Sabol*, No. 09-CV-45, 2010 WL 519725, at *3 (E.D. Wis. Feb. 9, 2010) (awarding attorneys' fees of $4,304 upon deposit of a $40,000 benefit); *John Deere Deferred Savings Plan for Wage Employees v. Propst*, No. 06-C-1235, 2007 WL 4594681, at *11 (E.D. Wis. Dec. 28, 2007) (awarding attorneys' fees of $15,000); *Metro. Life Ins. Co. v. Ramos*, No. 06-1001, 2006 WL 2545984, at *2 (C.D. Ill.Aug. 31, 2006) (awarding attorneys' fees of $5,239.89).

Here, while the Court agrees that Minnesota Life satisfies each of the criteria for an interpleader award of its attorneys' fees and costs – it is a disinterested stakeholder, has conceded liability, seeks to deposit the disputed funds into the court, and has sought a discharge from liability -- Minnesota Life has not submitted any accounting of its fees and costs to date for the court to determine whether the amount sought is reasonable. Rather, it simply identifies that it has expended $1,690.50 in attorneys fees and costs of $700.92 through August, 2013. Moreover, Minnesota Life further indicates that it does not have a final accounting of fees. Accordingly, it is impossible for the Court to calculate the amount of reasonable fees and costs, if any, to which Minnesota Life is entitled. Further, the court intends to utilize its discretion sparingly to ensure not only that the request is reasonable but also to ensure that the fees are "nominal and of little consequence" to the deposited funds as set forth in the case law.

Accordingly, within fourteen (14) days, Minnesota Life shall file a final accounting of fees and costs. Defendants may file any objection to the reasonableness of the fees and costs sought within fourteen (14) days thereafter. Once those filings are complete, the court shall enter an order dismissing Minnesota Life and designating the exact amount that should be on deposit with the Court.

## **CONCLUSION**

Based on the foregoing, Minnestota Life's motion remains UNDER ADVISEMENT pending completion of the filings set forth in this order.

Entered: This 27th day of January, 2014

s/ William C. Lee

6

United States District Court