UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MINNESOTA LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL NO. 2:13cv212 |
| HOWARD C. KINGKADE, JOHN B. KINGKADE, WINSTON KINGKADE, J.B.K. (a minor) and T.R.K. (a minor), | ) ) ) ) ) | |
| Defendants. | ) ) | |
| HOWARD C. KINGKADE, | ) ) ) | |
| Defendant/Cross-Claimant, | ) ) | |
| v. | ) ) | |
| JOHN B. KINGKADE, WINSTON KINGKADE, J.B.K. (a minor), and T.R.K. (a minor), | ) ) ) ) | |
| Defendants/Cross-Defendants. | ) ) | |

OPINION AND ORDER

This matter is before the court on a Motion for Default Judgment, filed by the Defendant/Cross-Claimant, Howard. C. Kingkade ("Howard") on June 6, 2014. On June 11, 2014, Defendant/Cross-Defendant, Winston Kingkade ("Winston"), who is not represented by counsel, sent a letter to the undersigned, which was filed in the record on June 13, 2014. Winston is the father of the two minors in this action, J.B.K. and T.R.K. The court also notes that on May 5, 2014, Defendant/Cross-Defendant John B. Kingkade ("John"), who is also not represented by counsel, sent a letter to the undersigned, which was filed in the record on May 19,

2014.

For the following reasons, the motion for default judgment will be denied.

Discussion

Rule 55(a) provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. On March 11, 2014, Howard filed a motion for Clerk's entry of default, which default was entered on March 21, 2014.

Rule 55(b)(2) sets forth how a party may apply to the court for a default judgment, and also states that the court "may conduct hearings or make referrals" when it needs to investigate matters in order to enter or effectuate judgment.

In the present case, although neither Winston or John (or his minor children) filed a responsive pleading within the proper time, it is clear that both Winston and John have now "entered an appearance" in this case. Moreover, in Winston's case, he states in his letter that "[t]he reason I have not written sooner is due to my military training and recent change of address." Winston has informed the court in his letter that he is a Petty Officer First Class in the United States Coast Guard.

It is the policy of this court to decide cases on the merits whenever possible. Default is not favored. This case was originally instituted by Minnesota Life Insurance Company, in an effort to find the true beneficiary of proceeds of a life insurance policy. On February 25, 2014, this court entered an order granting Minnesota Life's request for fees and costs (in part), and on February 28, 2014, Minnesota Life deposited the balance of the funds, $37,338.07 with the court. Obviously, these funds will be consumed by attorney fees if each of the parties were to hire

attorneys and litigate this insurance dispute.  Therefore, in order to move this case forward without causing undue expense, the court will refer the case to Magistrate Judge Roger B. Cosbey for a mediation.  The motion for default judgment will be denied.

## Conclusion

On the basis of the foregoing, the motion for default judgment [DE 30] is hereby DENIED.  The court REFERS this matter to Magistrate Judge Roger B. Cosbey for proceedings consistent with this order.

Entered: July 29, 2014.

s/ William C.  Lee    
William C. Lee, Judge  
United States District Court