UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| MINNESOTA LIFE INSURANCE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL NO. 2:13cv212 |
|  | ) |  |
| HOWARD C. KINGKADE, JOHN B. KINGKADE, WINSTON KINGKADE, J.B.K (a minor), and T.R.K. (a minor), | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the Defendant/Cross-Claimant, Howard C. Kingkade ("Howard"), on April 23, 2015. The Defendants/Cross-Defendants, John B. Kingkade ("John"), Winston Kingkade ("Winston"), and J.B.K and T.R.K, have not filed a response. None of the Defendants/Cross-Defendants are represented by counsel. On April 27, 2015, Howard filed a "Notice and Order" directed to John and Winston, in which these parties were advised of their obligation to respond to the summary judgment motion.

For the following reasons, the motion for summary judgment will be granted.

Discussion

This case has been pending for over a year, with the following procedural history. On June 14, 2013, Minnesota Life Insurance Company ("Minnesota Life") filed its Complaint for Interpleader against Howard and the Defendants/Cross-Defendants. On September 5, 2013, Howard filed his Unopposed Answer to Minnesota Life's Complaint for Interpleader. Thereafter, on October 21, 2013, Howard filed his Amended Answer to Minnesota Life's

Complaint for Interpleader and Crossclaim against the Defendants/Cross-Defendants. In accordance with the Court's March 3, 2014 Order, the parties participated in a Settlement Conference but were unable to reach a resolution. Thus, Howard has now filed a motion for summary judgment.

## Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties precludes summary judgment, however, since "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" warrant a trial. Id. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

## Factual Background

Howard has submitted the following statement of uncontested facts. Howard J. Kingkade (the "Decedent"), was the Father of the Defendant/Cross-Claimant, Howard, and the Grand-father and Great-grandfather of the Defendants/Cross-Defendants. During his life, the Decedent was employed by Unilever/Lever Brothers Company ("Unilever") and, as its employee, was

2

provided insurance by Metropolitan Life Insurance Company ("MetLife") under a life insurance policy ("MetLife Policy") with a value of $8,000.00. He was also provided insurance by the Plaintiff, Minnesota Life Insurance Company ("Minnesota Life"), under Minnesota Life Group Term Life Insurance Policy ("Group Policy") valued at $40,000.00.

On or about August 4, 2008, the Decedent completed and executed a "Life Insurance Beneficiary Designation Form" ("Designation Form"). The Designation Form, on its face, was a generic form and not specific to either MetLife or Minnesota Life. As seen on the Designation Form itself, the Form provides for the designation of primary and secondary beneficiaries and their respective percentages of death benefits. It also states, "[i]n the event that the above-named primary beneficiary is not living at the time my death occurs, the following secondary beneficiary(ies) are to receive any benefits payable upon my death."

Under the Primary Beneficiary section, the Decedent wrote that the Defendant/Cross-Claimant, Howard C. Kingkade, is to receive $4,000.00, while the Defendants/Cross-Defendants, J.B.K. (a minor) and T.R.K. (a minor) are to receive $1,000.00 each. The Defendants/Cross-Defendants, John B. Kingkade and Winston Kingkade, are listed under the Secondary Beneficiary section, each of whom is to receive $1,000.00 in death benefits only in the event the primary beneficiaries are not living at the time of death. The total value of the benefit amounts payable to the designated beneficiaries identified on the Designation Form equals $8,000.00, which is also the total value of the MetLife Policy. It is not disputed that the Designation Form was not properly completed by the Decedent, as the Form specified that percentages were to be entered and the Decedent entered dollar amounts.

On May 16, 2013, MetLife Insurance distributed the $8,000.00 proceeds of the MetLife

Policy pursuant to the beneficiary designations outlined in the Designation Form. Howard C. Kingkade received $4,000.00, while each of the Defendants/Cross-Defendants received $1,000.00.

Analysis

The issue before this Court is whether the Beneficiary Designation Form pertains to the Minnesota Life Group Policy of $40,000.00. Howard argues that there is nothing in the record that would remotely suggest that the generic Designation Form pertains to the Minnesota Life Group Policy. Howard points out that a casual reading of this generic Designation Form shows that, on its face, it applies to the allocation of $8,000.00 in death benefits. The Form requests that the maker of the Form identify percentages of allocation of insurance benefits that the maker wants to divide amongst the primary and contingent beneficiaries. The maker/Decedent in this instance, Howard J. Kingkade, completed the form and used specific dollar amounts in the spaces where he was directed to use percentages. The dollar amounts he used total $8,000.00. The Decedent had a life insurance policy through MetLife in that amount and which paid a death benefit of the amount of $8,000.00. The Form identifies allocation amounts equal to the death benefits under the MetLife policy which, as noted, has been paid in accordance with the Designation Form.

Howard contends that because the amounts in the Form exactly match the benefits available under the MetLife Policy, it is clear that the Form applied to the MetLife policy, and not to the Minnesota Life Group Policy which had a death benefit of $40,000.00. Moreover, the Designation Form provides no reference to the Minnesota Life Group Policy.

Howard further argues that the Dead Man's Statute precludes any testimony of

statements made by the Decedent. Ind. Code § 34-45-2-4; *In re Estate of Rickert*, 934 N.E.2d 726, 731 (Ind. 2010). Thus, concludes Howard, there is nothing that the Defendants/Cross-Defendants have presented to date or could present in a trial of this matter which would create an issue of material fact. Howard points out that the record shows that the Defendants/Cross-Defendants did not answer or otherwise respond to the Request for Admissions propounded to them during the discovery phase. Thus, with the exception of the generic Designation Form, there is nothing that could or would be submitted to a trier of fact as a material issue for determination.

This court agrees with Howard that, in the absence of any evidence or argument from the Defendants/Cross-Defendants, there are no issues of fact in this case, and summary judgment should be entered in favor of Howard C. Kingkade.

## Conclusion

On the basis of the foregoing, Howard C. Kingkade's motion for summary judgment is hereby GRANTED.

Entered: July 20, 2015.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court